Adam Y. Siegel (SBN 238568)
Adam.Siegel@jacksonlewis.com
Amanda G. Papac (SBN 328899)
Amanda.Papac@jacksonlewis.com
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:   (213) 689-0404
Facsimile:   (213) 689-0430

Attorneys for Defendant
PAE SHARED SERVICES LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FRANCISCO CRUZ, an individual<br><br>Plaintiff,<br><br>vs.<br><br>PAE SHARED SERVICES LLC, ,<br>a corporate entity form unknown; and<br>DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: **5:24-cv-1698**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY)**<br><br>[Filed Concurrently with Corporate Disclosures; Declaration of Amanda G. Papac; Declaration of Mark Esposito; Civil Case Cover Sheet; Certification and Notice of Interested Parties; and Notice of No Related Cases]<br><br>Complaint Filed:      April 2, 2024 |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendant PAE SHARED SERVICES LLC ("PAE" or "Defendant"), hereby removes the above-entitled action to this Court from the Superior Court of the State of California, County of San Bernadino pursuant to 28 U.S.C. § 1441.  Defendant invokes this Court's original jurisdiction under 28 U.S.C. § 1332

1

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

(diversity).  PAE submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff JUAN FRANCISCO CRUZ ("Plaintiff") and without conceding that Plaintiff has pled claims upon which relief can be granted.  This removal is based on the following grounds:

## I. PROCEDURAL BACKGROUND.

1.     On April 2, 2024, Plaintiff filed a civil complaint (the "Complaint") against Defendant in the Superior Court of the State of California for the County of San Bernadino ("Superior Court") entitled *Juan Francisco Cruz v. PAE Shared Services, LLC, et al.,* Case No. CIVSB2409078.

2.     The Complaint sets forth the following 10 causes of action: (1) Discrimination in Violation of Gov. Code § 12940 *et seq,*; (2) Failure to Accommodate in Violation of Gov. Code § 12940(m); (3) Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n); (4) Age Discrimination in Violation of Gov. Code § 12940 *et seq*; (5) Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k); (6) Retaliation in Violation of Gov. Code § 12940(h); (7) Wrongful Termination; (8) Failure to Pay Overtime & Wages; (9) Failure to Pay All Compensation at Termination; Waiting Time penalties; and (10) Violation of Business & Professions Code § 17200 *et seq*. *See generally,* Complaint. A true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Amanda G. Papac ("Papac Decl.").

3.     On April 2, 2024, Plaintiff filed a Civil Case Cover Sheet. A true and correct copy of the Civil Case Cover Sheet is attached as **Exhibit B** to the Papac Decl.

4.     On April 2, 2024, Plaintiff filed a Certificate of Assignment. A true and correct copy of the Certificate of Assignment is attached as **Exhibit C** to the Papac Decl.

5.     On April 15, 2024, Plaintiff filed a Summons. A true and correct copy of the Summons is attached as **Exhibit D** to the Papac Decl.

6.     On April 15, 2024, the Superior Court filed a Notice of Trial Setting Conference and Notice of Case Assignment. A true and correct copy of these filings is attached as **Exhibit E** to the Papac Decl.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

7.     Plaintiff served the Complaint, Summons, Civil Case Cover Sheet, Certificate of Assignment, and a Notice of Trial Setting Conference and Notice of Case Assignment on PAE on July 10, 2024. *See* **Exhibits A-E**.

8.     On August 8, 2024, PAE filed its Answer to the Complaint in the Superior Court. A true and correct copy of PAE's Answer is attached as **Exhibit F** to the Papac Decl.

9.     **Exhibits A-F** constitute all the court documents that have been served in this action as of the date of the filing of this Notice of Removal.

## II.     REMOVAL IS TIMELY.

10.     This Notice of Removal has been filed within thirty (30) days after PAE were deemed served a copy of Plaintiff's Summons and Complaint upon which this action is based. This Notice of Removal is therefore filed within the period provided by 28 U.S.C. § 1446(b).

11.     In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the San Bernadino County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## III.     THE COURT HAS JURISDICTION BASED ON ORDINARY DIVERSITY OF CITIZENSHIP.

This Court has original jurisdiction over this action based on ordinary diversity of citizenship pursuant to 28 U.S.C. § 1332(a), which provides the district courts shall have original jurisdiction of all civil actions between citizens of different states wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

### A.     Diversity of Citizenship Exists.

12.     "An individual is a citizen of the state in which he is domiciled[.]" *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Here, Defendant is informed and believes that Plaintiff was a resident of the State of California at all times during his employment. *See* Declaration of Mark Esposito ("Esposito Decl.") at ¶ 4. Plaintiff also alleges that "all of the claims and causes of action alleged…occurred and accrued in the County of San Bernadino, California." Complaint at ¶ 9. Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes.

13. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006).

14. For diversity purposes, a corporation is deemed a citizen of both the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332, subd. (c)(1). The United States Supreme Court has recognized that a corporation's "principal place of business" is determined by its "nerve center" or the state where high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp.*, 559 U.S. at 80-81. A corporation can only have one "nerve center." *Id*. at 93-94. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state. *Id*.

15. PAE Shared Services LLC is a limited liability company formed and organized under the laws of the State of Delaware. Esposito Decl. at ¶ 2. PAE Shared Services LLC is wholly owned by its sole member Pacific Architects and Engineers, LLC. *Id*. Pacific Architects and Engineers, LLC is a limited liability company formed and organized under the laws of the State of Delaware. *Id*. Pacific Architects and Engineers, LLC is wholly owned by its sole member Amentum Services, Inc. *Id*.

16. Amentum Services, Inc. is a corporation organized and incorporated under the laws of the State of Delaware. *Id*. Amentum Services, Inc. is not, and has never been, incorporated in the State of California. *Id*. Amentum Services, Inc. maintains its principal

place of business at 4800 Westfields Blvd #400, Chantilly, Virginia 20151. *Id*. Amentum Services, Inc.'s executive and administrative operations are centrally managed from this location. *Id*. Amentum Services, Inc.'s principal place of business in Chantilly, Virginia is the location where the Amentum Services, Inc.'s executive officers direct, control and coordinate the Company's activities, including but not limited to, administering company-wide policies and procedures, legal affairs, and general business operations. Esposito Decl. at ¶ 3. The Company's corporate books and records are maintained at and/or from the corporate headquarters in Chantilly, Virginia. *Id*.

17. Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe Defendants 1 through 50, inclusive, does not deprive this Court of jurisdiction.

18. Therefore, for the purpose of determining jurisdiction, PAE is not – and were not – citizens of the State of California. Rather, it was – and is – a citizen of the States of Delaware and Virginia.

19. Accordingly, the minimal diversity requirement is satisfied because Plaintiff is a citizen of a state, *i.e.*, California, in which none of the defendants are citizens, *i.e.* Virginia and Delaware. *See* 28 U.S.C. § 1332(d)(2).

**B.     The Amount in Controversy Exceeds $75,000.**

20. Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000 exclusive of interest and costs. 28 U.S.C. §1332(a). Plaintiff's Complaint alone establishes the amount in controversy. Plaintiff alleges in his Prayer for Relief that he seeks "all actual, consequential, and incidental damages…according to proof, but no less than three hundred thousand dollars ($300,000) and no more than three million dollars ($3,000,000)". Complaint Prayer for Relief at ¶ 1. Therefore, the amount in controversary

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

is established by Plaintiff's own admission.

21.     Even if Plaintiff did not admit that he believes the amount in controversary exceeds $75,000, Defendant can plausibly allege that the amount in controversy exceeds $75,000.Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the United States Supreme Court has held "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but the statement need not contain evidentiary submissions. *See Dart Cherokee*, 574 U.S. at 82, 89, 135 S. Ct. at 549, 554 (2014).  If plaintiff contests a defendant's allegations, defendant need only demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (courts may consider factual statements in defendant's notice of removal in assessing removal jurisdiction).

22.     In determining whether the amount in controversy exceeds $75,000 exclusive of interest and costs, the Court must presume the plaintiff will prevail on each and every one of his or her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

23.     Attorney fees also may be taken into account to determine the jurisdictional amount.  *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945; *see also, Alvarado v. Home Depot U.S.A., Inc.*, Case No. 18-cv-611-MMA(NLS), 2018 U.S. Dist. LEXIS 95435, at *7-10 (S.D. Cal. June 5, 2018) (post-removal attorney fees are included in the amount in controversy).

24.     PAE denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff is entitled to any damages or penalties whatsoever, the aggregated claims of the Plaintiff establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum of $75,000.

25.    Plaintiff seeks and, in the event Plaintiff prevails on every one of his claims may arguably recover, actual, consequential, and incidental damages, restitution, attorneys' fees, cost of suit, interest, and punitive damages. Complaint Prayer for Relief at ¶¶ 1-7.

1.    **Alleged Lost Past And Future Earnings:**  Plaintiff's employment with PAE ended in June 2022.  Complaint at ¶ 18. At the time of Plaintiff's separation of employment, Plaintiff was making $21.64/hour. Complaint at ¶ 10. Estimating that Plaintiff worked 40 hours per week, he would have earned, had his employment not ended, approximately $865.60 per week. Plaintiff makes no allegation in his Complaint that he has found other work, let alone work that provides the same number of work hours or pays the same wages as he earned at PAE. Plaintiff filed the instant action on April 2, 2024. Papac Decl. at ¶ 2. From the date of Plaintiff's separation in June 2022 to a projected trial date in April 2025 (assuming one (1) year to trial from the time of Plaintiff's filing), two (2) years and nine (9) months, or approximately 143 weeks, will have passed. Based upon Plaintiff's hourly rate at the time his employment ended, without conceding that Plaintiff is entitled to any damages or attorney's fees, he could potentially recover approximately $**123,780.90** in lost wages, before any calculation of lost benefits, alone. This amount of potential compensatory damages is solely based on lost wages and does not include lost employment benefits, interest, potential future wages, and the other potential damages Plaintiff seeks.

26.    **Emotional Distress Damages:**  In addition, the emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Further, a defendant may use damage awards in other

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

cases to establish that the amount in controversy exceeds $75,000. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Juries in California have awarded well in excess of $75,000 for emotional distress damages in a discrimination and retaliation case like this one. For example, in *Reyna Gonzalez v. Lazer Broadcasting Corporation,* Ventura County Superior Court Case No. 56-2018-00513652-CU-OE-VTA (June 1, 2023), the jury awarded the plaintiff $215,000 for non-economic damages where the plaintiff alleged that as a result of sexual harassment, she was forced to resign. Therefore, Plaintiff will most likely seek in excess of $75,000 for emotional distress damages. Accordingly, the amount in controversy here clearly exceeds $75,000, despite the fact that PAE denies Plaintiff is entitled to any damages whatsoever.

27. **Punitive Damages:** The Complaint also alleges that Plaintiff is entitled to recover punitive damages. Complaint Prayer for Relief at ¶ 4. Punitive damages should be considered when determining the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases.").

2. **Attorneys' Fees:** The Complaint also alleges that Plaintiff is entitled to recover attorneys' fees. (Complaint Prayer for Relief at ¶5.) Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory). It is reasonable to consider Plaintiff's attorneys' fees amounting to at least $75,000.00 through trial for purposes of calculating the amount in controversy in this action.

28. Based on the foregoing, there is ample evidence that the amount in controversy, based on Plaintiff's own admissions and on the totality of Plaintiff's claims and prayer for relief, which includes her claim for economic and non-economic damages, as well as attorney's fees and costs and punitive damages, significantly exceeds $75,000.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

## IV.   <u>NOTICE TO PLAINTIFF AND THE STATE COURT</u>

29.   Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be served upon Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Los Angeles, as required by 28 U.S.C. § 1446(d).

WHEREFORE, PAE removes the above-entitled action now pending in the Superior Court of the State of California in and for the County of San Bernadino to this Court.

Dated:  August 9, 2024                    JACKSON LEWIS P.C.


                                  By:   /s/ Adam Y. Siegel
                                        Adam Y. Siegel
                                        Amanda G. Papac

                                        Attorneys for Defendant
                                        PAE SHARED SERVICES, LLC


4859-1677-7681, v. 1

DEFENDANT'S NOTICE OF REMOVAL OF ACTION